IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEICO GENERAL INSURANCE COMPANY,

Plaintiff,

v. CASE NO.:

JANICE KEENAN, MICHAEL MORGAN, Individually, and MICHAEL MORGAN as Natural Parent and Guardian of D.M., a minor,

Defendants.
_________________________________/

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, GEICO General Insurance Company ("GEICO"), by and through undersigned counsel, and pursuant 28 U.S.C. § 2201, hereby files this Complaint for Declaratory Judgment against JANICE KEENAN, MICHAEL MORGAN, individually, and MICHAEL MORGAN as Natural Parent and Guardian of D.M. a minor, (sometimes collectively referred to as "Defendants"), and states as follows:

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to obtain a judicial determination and declaration as to the parties' rights and obligations under an automobile insurance policy, number 4455621988 ("the

Policy"), issued by GEICO to JANICE KEENAN ("KEENAN"), which was in effect from August 8, 2021, through February 8, 2022. [*See* a copy of the Policy, attached as Exhibit A]. The 2013 Ford Escape, bearing VIN: 1FMCU0J93DUB60690 ("2013 Ford Escape"), is a vehicle listed under the Policy. [*Id*.].

2. An actual and justiciable controversy has arisen and now exists relating to the parties' respective rights, duties and obligations under the Policy.

3. GEICO seeks a declaratory judgment that D.M.'s loss of parental consortium claim (Count II - § 768.0415 Liability for Injury to Parent) brought by MICHAEL MORGAN as natural parent and guardian of D.M., a minor, in the lawsuit styled *MICHAEL MORGAN, Individually, and MICHAEL MORGAN as the natural parent and guardian of D.M., a minor, v. JANICE KEENAN*, Case No. 2022-CA-0350, in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida ("Underlying Action") is a derivative claim of MICHAEL MORGAN's bodily injury claim and is not subject to entitlement to a separate $100,000 each person bodily injury liability policy limit pursuant to the terms of the Policy. [*See* a copy of the Underlying Complaint, attached as Exhibit B at Count II].

**PARTIES**

4. GEICO is incorporated in the State of Nebraska, with its principal place of business in Chevy Chase, Maryland. Therefore, GEICO is a citizen of Nebraska and Maryland.

5. Defendant, KEENAN, is a citizen of St. Augustine, St. John's County, Florida. [Exhibit B, ¶ 4]; [*see also* Florida Traffic Crash Report, attached as Exhibit C, identifying KEENAN's address at St. Augustine, FL and listing her Florida Driver's license number]. Therefore, KEENAN is a citizen of Florida.

6. Defendant, MICHAEL MORGAN, is a citizen of St. Augustine, St. John's County, Florida. [Exhibit B, ¶ 2]; [Exhibit C, identifying MICHAEL MORGAN's address at St. Augustine, FL and listing his Florida Driver's license number]. Therefore, MICHAEL MORGAN is a citizen of Florida.

7. Defendant, MICHAEL MORGAN, as the natural parent and guardian of D. M., a minor, is a citizen of St. Augustine, St. John's County, Florida. [Exhibit B, ¶ 2-3]; [Exhibit C, identifying MICHAEL MORGAN's address at St. Augustine, FL and listing his Florida Driver's license number]. D.M., a minor, is the natural child and dependent of Defendant MICHAEL MORGAN. Therefore, MICHAEL MORGAN, as the natural parent and guardian of D.M. and D.M., a minor, are citizens of Florida. *See* 28 U.S.C. 1332(b)(c)(2).

**STATEMENT OF JURISDICTION**

8. GEICO realleges and incorporates by reference the allegations in Paragraphs One (1) through Seven (7), *supra*, as if fully set forth herein.

9. The Policy provides Bodily Injury ("BI") Liability Coverage policy limits in the amount of $100,000 per person and $300,000 per accident. [ Exhibit A at Declarations Page].

10. Based upon the allegations in the Underlying Complaint, GEICO has provided a defense to KEENAN in the negligence action brought by MICHAEL MORGAN, individually, and MICHAEL MORGAN, as natural parent and guardian of D.M., a minor. Specifically, attorneys Laurie Adams and Kendra B. Therrell of the Law Offices of Kubicki Draper has been retained to defend KEENAN.

11. Jurisdiction is based upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. Complete diversity exists between GEICO and the Defendants as GEICO is a citizen of the State of Maryland and the State of Nebraska and the Defendants are citizens of the State of Florida. The amount in controversy exceeds $75,000, exclusive of interest and costs, as this declaratory judgment action concerns the rights and obligations of the parties under the Policy for D.M.'s loss of parental consortium claim under Florida Statute § 768.0415 (Liability for Injury to Parent) as to whether D.M.'s loss of parental consortium claim is derivative of MICHAEL MORGAN's bodily injury claim and is subject to the $100,000 each person bodily

injury liability policy limit available for MICHAEL MORGAN's bodily injury claim and does not qualify as a separate occurrence for the additional payment $100,000 each person bodily injury liability policy limit under the terms of the Policy.

12. Pursuant to 28 U.S.C. § 1391(a), and Local Rules 1.04(a) and (b), Middle District of Florida, venue is proper in the Jacksonville Division of the Middle District of Florida because it is the Division encompassing St. Johns County, the county in which the events giving rise to the action occurred. [*See* Exhibit B; Exhibit C].

13. GEICO contends that under the terms of the Policy D.M.'s loss of parental consortium claim under Florida Statute § 768.0415 (Liability for Injury to Parent) is derivative of MICHAEL MORGAN's bodily injury claim and is not subject to entitlement to a separate $100,000.00 each person bodily injury liability limit.

## GENERAL FACTUAL ALLEGATIONS

14. GEICO realleges and incorporates by reference the allegations in Paragraphs One (1) through Thirteen (13), *supra*, as if fully set forth herein.

15. In the Underlying Complaint, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, alleges that KEENAN was operating the 2013 Ford Escape on or about September 6, 2021, at or

near the intersection of U.S. Highway 1 and Wildwood Drive in St. Augustine, St. Johns County, Florida. [Exhibit B, at ⁋ 5-6].

16. In the Underlying Complaint, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, alleges that KEENAN negligently operated or maintained the 2013 Ford Escape so that it collided with MICHAEL MORGAN's motorcycle. [*Id*. at ⁋ 7].

17. In the Underlying Complaint, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, alleges that, as a result of the collision, MICHAEL MORGAN suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. [*Id*. at ⁋ 8].

18. In the Underlying Complaint, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, also alleges a claim for liability for injury to a parent pursuant to Florida Statute § 768.0415. [Exhibit B, at Count II, ¶¶ 9-12].

19. Specifically, in Count II of the Underling Complaint, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, alleges that due to the injuries caused by KEENAN's negligence,

MICHAEL MORGAN sustained significant injury resulting in permanent total disability and that the minor child, D.M., sustained permanent loss of MICHAEL MORGAN's services, comfort, companionship and society. [*Id*. at ¶¶ 11-12].

20. Prior to the filing of the Underlying Complaint, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, made a demand, against the Policy, for the payment of $200,000 to resolve the pending claims asserted in the Underlying Complaint. [*See* a copy of the October 13, 2021 demand, attached as Exhibit D]. As a result, MICHAEL MORGAN individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, has made demands for the payment of $100,000 per person bodily injury policy limits for each claim.

21. GEICO has offered, and continues to offer, the $100,000 per person bodily injury policy limits to settle MICHAEL MORGAN's bodily injury claim, including D.M.'s derivative loss of parental consortium claim. [*See* a copy of the October 29, 2021 letter, attached hereto as Exhibit E].

22. To date, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, has rejected GEICO's offer of the $100,000 per person bodily injury policy limits and demanded $200,000 to resolve the pending claims, $100,000 per person bodily injury policy limit to settle MICHAEL MORGAN's bodily injury claim and an additional $100,000 per person

bodily injury policy limit to settle D.M.'s loss of parental consortium claim (Count II - § 768.0415 Liability for Injury to Parent).

23. Accordingly, based on the pre-suit demands and the allegations of the Underlying Complaint, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, seeks proceeds from KEENAN's automobile liability insurance policy with GEICO in excess of the $100,000 per person bodily injury limits applicable to MICHAEL MORGAN's bodily injury claim.

24. Based on the allegations of the Underlying Complaint, GEICO is providing a defense to KEENAN in the Underlying Action to both Counts asserted in the Underlying Complaint by MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor.

**POLICY TERMS**

25. The Declarations Page of the Policy lists KEENAN as a Named Insured. [Exhibit A, at Declarations Page]. The 2013 Ford Escape is identified as a vehicle on the Declarations Page. [*Id*.].

26. Regarding the losses that GEICO will pay, the Policy provides, in pertinent part, as follows:

**AGREEMENT:**

**We, the Company named in the declarations attached to this policy, make this agreement with *you*, the policyholder. Relying on the information *you***

**have furnished and the declarations attached to this policy and if *you* pay *your* premium when due, we will do the following:**

**SECTION I – LIABILITY COVERAGES**

**LOSSES WE WILL PAY FOR YOU**

Under Section I, we will pay damages which an ***insured*** becomes legally obligated to pay because of:
1. ***Bodily injury***, sustained by a person, and
2. Damage to or destruction of property,

arising out of the ownership, maintenance or use of the ***owned auto*** or a ***non-owned auto***.

**DUTY TO DEFEND**

We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit. We have no duty to investigate or defend any claims which are not covered under the terms of this policy. Our duty to defend ends when the limits of liability for bodily injury liability have been exhausted by payments of judgments or settlements.

[Exhibit A, at Florida Family Automobile Insurance Policy, pp. 3-4 of 26].

27. The Policy provides the following relevant definitions, in pertinent part, as follows:

**SECTION I – LIABILITY COVERAGES**

**DEFINITIONS**

2. ***Bodily injury*** means bodily injury to a person, caused by accident, including resulting sickness, disease or death. All claims for damages arising from bodily injury to a person from a single loss shall be considered one bodily injury.
4. ***Insured*** means a person or organization described under **PERSONS INSURED**.
6. ***Owned Auto*** means:
   (a) A vehicle described in this policy for which a premium charge is shown for these coverages;
   (b) A ***trailer*** owned by ***you***;

(c) A ***private passenger auto***, ***farm auto*** or ***utility auto***, ownership of which ***you*** acquire during the policy period or for which ***you*** enter into a lease during the policy period for a term of six months or more, if

(i) It replaces an ***owned auto*** as defined in (a) above; or

(ii) We insure all ***private passenger autos***, ***farm autos*** and ***utility autos*** owned by ***you*** on the date of the acquisition, and ***you*** ask us to add it to the policy no more than 30 days later;

(d) A ***temporary substitute auto***.

8. ***You*** and ***your*** means only the individual(s) named in the **Declarations** as **Named Insured** and his or her spouse if a resident of the same household.

[Exhibit A, at Florida Family Automobile Insurance Policy, pp. 3-4 of 26].

28. The Policy provides following limitation as to the limits of GEICO's liability:

**LIMITS OF LIABILITY**

Regardless of the number of autos or ***trailers*** to which this policy applies:

1. The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of ***bodily injury*** sustained by one person as the result of one occurrence.

[Exhibit A, at Florida Family Automobile Insurance Policy, pp. 6 of 26].

29. The Declarations Page of the Policy states:

| Coverages | Limits and/or Deductibles |
|---|---|
| Bodily Injury Liability | |
| Each Person/Each Occurrence | $100,000/$300,000 |

[Exhibit A, at Declarations Page].

30. GEICO is unsure of its obligations to KEENAN, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, because of the allegations raised in the Underlying Complaint. Specifically, whether the claim asserted by MICHAEL MORGAN as natural parent and guardian of D.M., a minor, under Florida Statute 768.0415 for loss of services due to injury of a parent is, under the terms of the Policy subject to the $100,000 each person bodily injury liability policy limit available for MICHAEL MORGAN’s bodily injury claim and does not qualify as a separate occurrence for the additional payment $100,000 each person bodily injury liability policy limit under the terms of the Policy.

**COUNT I: DETERMINATION AS TO THE APPLICABLE BODILY INJURY POLICY LIMIT APPLICABLE TO D.M.’S LOSS OF PARENTAL CONSORTIUM CLAIM**

31. GEICO realleges and incorporates by reference the allegations in Paragraphs One (1) through Thirty (30), *supra*, as if fully set forth herein.

32. GEICO issued the Policy to KEENAN. [Exhibit A].

33. The 2013 Ford Escape is a vehicle listed under the Policy. [*Id*.]

34. Pursuant to the Policy, the "each person" bodily injury limit of liability arising out of KEENAN’s alleged negligence, including damages for care and loss of services, is $100,000. [Exhibit A, at pp. 6 of 26].

35. In the Underlying Complaint, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, alleges that, on or about September 6, 2021, at or near the intersection of U.S. Highway 1 and Wildwood Drive in St. Augustine, St. Johns County, Florida, he was involved in a motor vehicle accident with KEENAN who was driving the 2013 Ford Escape. [Exhibit B, at ⁋ 5-7].

36. MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, further alleges that as a result of KEENAN's negligence, MICHAEL MORGAN suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. [*Id*. at ⁋ 8].

37. In the Underlying Complaint, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, also alleges that as a result of KEENAN's negligence, the minor child, D.M. sustained a permanent loss of MICHAEL MORGAN's "services, comfort, companionship and society." [*Id*. at Count II]. Specifically, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, alleges a

claim for liability for injury to a parent pursuant to Section 768.0415, Florida Statutes. [*Id*.].

38. D.M., a minor, was not involved in the auto accident with KEENAN and MICHAEL MORGAN. [*Id*.].

39. D.M., a minor, did not sustain a personal bodily injury in the auto accident with KEENAN and MICHAEL MORGAN. [*Id*.].

40. MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, has made a demand, against the Policy, for the payment of $200,000 ($100,000 each) to resolve the pending claims asserted in the Underlying Complaint. [*See* Exhibit D]. As a result, MICHAEL MORGAN individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, has each made demands for the payment of $100,000 each person bodily injury policy limits.

41. GEICO has offered, and continues to offer, the $100,000 each person bodily injury policy limits to settle MICHAEL MORGAN's bodily injury claim, including D.M.'s derivative loss of parental consortium claim. [Exhibit E].

42. MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, has rejected GEICO's offer to resolve the claims set forth in the Underlying Complaint for the $100,000 each person bodily injury liability limits.

43. Accordingly, based on the allegations of the Underlying Complaint, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, seeks proceeds from KEENAN's automobile liability insurance policy with GEICO in excess of the $100,000 each person bodily injury limits.

44. An actual, present and justiciable controversy exists as to whether or not GEICO has an obligation to indemnify MICHAEL MORGAN's bodily injury claim, including D.M.'s derivative loss of parental consortium claim beyond the $100,000 each person bodily injury policy limits under the Policy based on the allegations of the Underlying Complaint. *See Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1360 (M.D. Fla. 2001)(finding that the issue of whether an insurer has a duty to indemnity is ripe if the court can determine that "under no circumstances that the insurer has a duty to indemnify."); *Penn-America Ins. Co. v. Deslin Hotels, Inc.*, 2012 WL 5199626, *2-3 (M.D. Fla. 2012); *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 16-17 (Fla. 2004).

45. GEICO is in doubt as to its rights and obligations to KEENAN, MICHAEL MORGAN, individually, and MICHAEL MORGAN as natural parent and guardian of D.M., a minor, under the Policy as to the bodily injury policy limit applicable to D.M.'s derivative loss of parental consortium claim.

46. GEICO is in need of an immediate declaration of its rights, duties and obligations under the Policy as it relates to the Defendants.

47. All conditions precedent to the bringing of this action have been met or have been waived.

**WHEREFORE,** GEICO GENERAL INSURANCE COMPANY, respectfully requests that this Court enter a Declaratory Judgment determining:

(a) That GEICO is not obligated to indemnify KENNAN for MICHAEL MORGAN's bodily injury claim, and D.M.'s loss of parental consortium claim beyond the $100,000 each person bodily injury limits provided for in the Policy.

(b) That D.M.'s loss of parental consortium claim in Count II of the Underlying Complaint is derivative of MICHAEL MORGAN's bodily injury claim and is subject to the $100,000 each person bodily injury liability policy limit available for MICHAEL MORGAN's bodily injury claim.

(c) That D.M.'s loss of parental consortium claim does not qualify as a separate occurrence for the payment of the $100,000 each person bodily injury liability policy limit under the terms of the Policy.

(d) That the Court award GEICO its costs incurred in this action;

(e) That the Court grant any such further or additional relief as it deems necessary and proper.

Respectfully submitted this 24th day of February, 2023.

**s/ David Angley**
**JORDAN THOMPSON, ESQ.**
Florida Bar No.: 0087600
jthompson@flalawyer.net
**DAVID M. ANGLEY, ESQ.**
Florida Bar No.: 0121464
dangley@flalawyer.net
Young, Bill, Boles, Palmer, Duke & Thompson, P.A.
SunTrust Financial Centre
401 E. Jackson St., Suite 2950
Tampa, FL 33602
Telephone: (813) 603-3006
Facsimile: (813) 603-3011
*Counsel for GEICO*